UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PATRICK GJERDE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT A. HAWKINS, CHAPTER 7, TRUSTEE,<br><br>　　　　　　Defendant. | No.  2:15-mc-103-KJM-EFB PS<br><br>BAP No. EC-15-1193<br><br>Bk. No. 15-11520<br><br><br>FINDINGS AND RECOMMENDATION |

　　　　Sean Gjerde has requested leave to proceed *in forma pauperis* with an appeal before the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP").  ECF No. 1.  The BAP lacks authority to grant or deny *in form pauperis* motions under 28 U.S.C. § 1915(a), *In re Perroton*, 958 F.2d 889 (9th Cir. 1992), and therefore Gjerde's application to proceed *in forma pauperis* was transferred to this court.  As explained below, the application must be denied.

　　　　In April 2015, Gjerde filed a Chapter 7 Bankruptcy petition.  *Gjerde v. Hawkins*, 15-11520 (Bankr. E.D. Cal. 2015), ECF No. 1.  The assigned bankruptcy judge transferred the case to Chief Bankruptcy Judge Klein because Gjerde had prior cases that were assigned to Judge Klein.  *Id.*, ECF No. 21.  After reassignment, the bankruptcy court granted Gjerde's application for a waiver of the Chapter 7 filing fee.  *Id.*, ECF No. 31.  Shortly thereafter, the bankruptcy court issued an order vacating the order granting the fee waiver.  *Id.*, ECF No. 33.  In its order, the

1

bankruptcy court stated that "[u]pon entering the [waiver] order, the Court discovered the Chapter 7 Trustee's opposition to the motion." *Id*. As the court had failed to consider the Chapter 7 Trustee's objections in deciding the motion for a fee waiver, the court vacated its prior order pursuant to Federal Rule of Civil Procedure 60(a). *Id*.

Gjerde subsequently filed a notice of appeal, requesting that the BAP review the bankruptcy court's orders vacating the waiver of the Chapter 7 filing fee and transferring the case to Judge Klein. *Id*., ECF No. 44. On appeal, Gjerde sought permission to proceed *in forma pauperis*. The BAP Clerk issued an order giving the bankruptcy court the opportunity to make certification under 28 U.S.C. 1915(a)(3) regarding whether the appeal is frivolous. The bankruptcy court issued a certification, finding that the appeal of both orders is frivolous. *Id*., ECF No. 67.

Specifically, the bankruptcy court observed that Gjerde is a disbarred lawyer who, according to the bankruptcy court's records, represented debtors in eighty-one bankruptcy cases in the Eastern District of California. *Id*. He initiated the underlying bankruptcy case when he was a federal prisoner, after being found guilty of conspiracy to commit mail fraud and making false statements in mortgage applications. *Id*., *see United States v. Gjerde*, No. 2:10-cr-0022 (E.D. Cal. Sep. 24, 2013), ECF No. 479. He was disbarred after his federal conviction. *In re Gjerde*, No. 12-O16479-LMA (State Bar Court of California). Based on these facts, the bankruptcy court found that Gjerde "is knowledgeable about law and bankruptcy procedure notwithstanding that he has been disbarred." *Gjerde v. Hawkins*, 15-11520, ECF No. 67 at 3.

With this backdrop in mind, the bankruptcy court found that the appeals from the two orders were not taken in good faith. *Id*. First, with regard to the reassignment order, the court noted that "[t]he ability of a court to provide for assignment of related cases to the same judge as a matter of judicial administration is beyond cavil. Mr. Gjerde knows that the appropriate measure for a party who is dissatisfied with the assignment of a case to particular judge is to request recusal of the judge." *Id*. As for the order vacating the fee waiver, the court noted that "the ability of a court to correct an administrative error pursuant to Federal Rule of Civil Procedure 60(a) is incontestable . . . . As a trained lawyer, Mr. Gjerde knows that the court is

2

1 required to consider a matter on the merits after hearing from all interested parties . . . [and] that
2 his remedy is to wait for the opportunity to appeal the ultimate order once it is decided on the
3 merits."[1] *Id*.

4     Accordingly, the bankruptcy court certified that the appeals of the two orders were not
5 taken in good faith. *Id*. The bankruptcy court's certification was forwarded to the BAP.
6 However, because the BAP lacks authority to grant or deny *in forma pauperis* applications, the
7 matter was transferred to this court.

8     This court has now independently reviewed Gjerde's request and concludes that he is not
9 entitled to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not
10 be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."
11 The court agrees with the findings provided by the bankruptcy court in its certification, (No. 15-
12 11520, ECF No. 67) and adopts them in full. Thus, the court finds that Gjerde's appeals from the
13 two bankruptcy orders are not taken in good faith.

14     Accordingly, it is hereby RECOMMENDED that his application to proceed *in forma*
15 *pauperis* be denied.

16     These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties. Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
21 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
22 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
23 DATED: October 26, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The bankruptcy court subsequently issued an order denying Gjerde's application for a fee waiver. *Gjerde v. Hawkins*, 15-11520 (Bankr. E.D. Cal. 2015), ECF No. 75.